# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | Case No.  03-04394-TLM |
| ) | |
| LARISON, ROBERT & JAN, ) | |
| ) | |
| Debtors. ) | MEMORANDUM OF DECISION |
| _____ ) | |

**INTRODUCTION**

Richard E. Crawforth is the Trustee in the chapter 7 case of Robert and Jan Larison, and he has filed and noticed for approval a proposed final accounting and distribution.  Doc. Nos. 33, 34.  H&H Enterprises, LLC ("H&H") filed an objection.  Doc. No. 37 ("Objection").  The Objection was taken under advisement on December 15, 2006, after a December 11 hearing and the filing of post-hearing briefs.  This Decision constitutes the Court's findings and conclusions on the matter.  Fed. R. Bankr. P. 7052, 9014.

**FACTS**

The relevant facts are not complex, and can be quickly summarized.[1]

Trustee believed that H&H received a preferential transfer avoidable under § 547(b).  When H&H disagreed and declined to settle, Trustee retained counsel

---

[1] No evidence was presented at the hearing on this matter, and neither party requested an opportunity to present any.  The recitation of facts is taken from the record in this chapter 7 case, and in a related adversary proceeding.  *See* Fed. R. Evid. 201.  In essence, the parties do not have factual disputes, and present only legal issues.

MEMORANDUM OF DECISION - 1

and commenced an adversary proceeding in January, 2005. *See Crawforth v. H&H Enters., LLC. (In re Larison)*, Adv. No. 05-06001-TLM. Trial was held in that adversary proceeding on July 14, 2005. The Court issued a decision on July 28, 2005, concluding that Trustee prevailed and was entitled to a judgment in the amount of $21,850.77. *Id.* at Adv. Doc. No. 27 (also reported at 05.3 I.B.C.R. 74 (Bankr. D. Idaho 2005)). Following some post-decision filings, a judgment was entered by the Court on September 12, 2005, in the amount of $22,420.87, representing the amount set forth in the Court's decision plus costs of $570.10. *Id.* at Adv. Doc. No. 34. The judgment was not appealed.

The adversary proceeding was not closed until October 27, 2005. Though there was nothing offered into evidence on the point, H&H contends in its Objection that the amounts owed the estate under the judgment were paid on October 12, 2005, a couple of weeks before the adversary proceeding file was closed.

The Larisons' chapter 7 case was commenced on December 4, 2003. Though originally noticed out as a no asset and no claim bar case, Trustee asked for and the Court issued a notice of the need to file claims. *See* Fed. R. Bankr. P. 3002(c)(5). This notice set a deadline of October 24, 2004, for filing proofs of claim. Doc. No. 11. Six unsecured claims filed before that bar date are still outstanding, which Trustee proposes to pay in full. Doc. No. 33.

MEMORANDUM OF DECISION  - 2

H&H filed a proof of claim on November 23, 2005 (Claim No. 10) in the amount of $22,420.77.  H&H filed another proof of claim (Claim No. 11) on February 15, 2006, in the amount of $21,850.77.  Claim No. 11 indicates that it "amends" a prior (though unspecified) claim, apparently Claim No. 10 because H&H filed no other claim.  Both Claim No. 10 and 11 assert that the "date [the] debt was incurred" was "9/12/05."  They further both complete the section asking "If court judgment, date obtained" by inserting the same 9/12/05 date.  Claim No. 11 has attached to it a copy of the judgment entered in Adv. No. 05-06001-TLM on September 12, 2005.

## ISSUES PRESENTED

Trustee's proposed final accounting, Doc. No. 33, proposes to pay all outstanding timely filed (*i.e.*, filed before October 24, 2004) unsecured claims in full.  Trustee proposes that H&H be paid $9,601.21 on it's $21,850.77 unsecured claim amount as shown on Claim No. 11.[2]

Trustee contended at hearing on December 11 that H&H has a "tardily filed claim" and, thus, the treatment proposed in the final accounting is mandated by § 726(a)(3).  Trustee argued that, because there were several discussions with the principals of H&H about the perceived preference, and given H&H's notice and

---

[2] H&H calculates that, if its claim were treated as timely, and funds distributed pro rata to all filed unsecured claims, it would receive another $4,902.52.  *See* Objection at 2.

MEMORANDUM OF DECISION - 3

knowledge of the case, a claim should have been filed before the established October 24, 2004, bar date, and H&H's claims cannot be treated as timely filed.

H&H countered that § 502(h) provides an unsuccessful defendant in a § 547 adversary proceeding the ability to file a claim for the liability on the avoided transfer. H&H noted that its first claim, No. 10, was filed on November 23, 2005, and argued in its Objection and at the hearing that this was within 30 days of the October 27, 2005, closing of the adversary proceeding and therefore, in its view, a timely claim. It argued that the amended claim, No. 11, related back to the date of Claim No. 10.

Neither party was prepared to address at hearing the provisions of the Code, Rules or case law related to these competing positions. The Court allowed a short period of time to file briefs. Those briefs have now been filed. *See* Doc. Nos. 40, 41. The arguments and the authorities relied on by the parties have been considered, as have authorities identified by neither.

**DISCUSSION AND DISPOSITION**

**A.**

Trustee's assertion that H&H was bound to file its proof of claim on or before the October 24, 2004, deadline established by the Rule 3002(c)(5) asset notice, Doc. No. 11, is misplaced. The argument would have some merit if H&H were asserting a claim it held prepetition. H&H was, in fact, a prepetition creditor listed on Debtor's schedule F as holding an unsecured claim, and it did receive the

MEMORANDUM OF DECISION - 4

initial notice of the bankruptcy and the later notice of the claim bar date. *See* Doc. No. 4 (schedules) at schedule F; Doc. No. 12 (Bankruptcy Noticing Center's certificate of service of Doc. No. 11, the notice of need to file and deadline for claims).[3]

However, H&H asserts a claim for the judgment amount it was found to owe under § 547 and § 550. Section 502(h) allows a defendant transferee in such a situation the opportunity to file a proof of claim:

> (h)   A claim arising from the recovery of property under section 522, 550, or 553 of this title shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section, or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition.

Section 502(h).[4] However, just because § 502(h) gives H&H the right to file a claim for the post-petition judgment amount and seek to participate in distributions from the estate does not fully answer the question presented.

**B.**

The time for filing a § 502(h) claim is governed by Fed. R. Bankr. P. 3002(c)(3), which provides:

> (c)   TIME FOR FILING.   In a chapter 7 liquidation . . . case, a proof of claim is timely filed if it is filed not later than 90 days after

---

[3] *Accord In re Gayle D. Nielsen*, Case No. 04-04401-TLM at Doc. No. 32 (Mem. Dec. Nov. 22, 2006) (finding a creditor with notice of a bankruptcy case could not have its tardily filed claim qualify for treatment as timely under § 726(a)(2)(C) and, instead, treating the claim under § 726(a)(3)).

[4] *Accord Verco Indus. v. Spartan Plastics (In re Verco Indus.)*, 704 F.2d 1134, 1138 (9th Cir. 1983).

MEMORANDUM OF DECISION - 5

> the first date set for the meeting of creditors called under 341(a) of the Code, except as follows:
>
> . . .
>
> (3) An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that entity or denies or avoids the entity's interest in property. If the judgment imposes a liability which is not satisfied, or a duty which is not performed within such period or such further time as the court may permit, the claim shall not be allowed.

Fed. R. Bankr. P. 3002(c)(3).

The judgment in Adv. No. 05-06001-TLM was entered on September 12, 2005. Upon the expiration of the 10 day time for filing an appeal provided under Fed. R. Bankr. P. 8002(a), the judgment became final.[5] H&H's § 502(h) proof of claim was due under Rule 3002(c)(3) within 30 days of finality of judgment (*i.e.* September 22, 2005), or by October 24, 2005.[6] *See also In re Accord Group, Inc.*, 211 B.R. 193, 194 (Bankr. E.D.N.C. 1997).[7]

---

[5] *See* Fed. R. Bankr. P. 3002, advisory committee note:

A judgment does not become final for the purpose of starting the 30 day period provided for by paragraph (3) until the time for appeal has expired or, if an appeal is taken, until the appeal has been disposed of.

*Accord In re Prestige Ltd. P'ship-Concord v. East Bay Car Wash Partners (In re Prestige Ltd. P'ship-Concord)*, 234 F.3d 1108, 1118 (9th Cir. 2000) (finding, under the language of Rule 3002(c)(3), judgment did not become final until appeal was disposed of).

[6] Calculation of time is governed by Fed. R. Bankr. P. 9006(a). Given the entry of judgment on Monday, September 12, 2005, the ten day period for appeal started September 13 and concluded September 22. The thirty day period for the filing of the § 502(h) claim started September 23. Because that period ended on Sunday, October 23, 2005, the last day for filing was the following Monday, October 24, 2005. *Id.*

[7] In *Accord Group*, the subject judgment was entered on May 2, 1995. The court agreed
(continued...)

MEMORANDUM OF DECISION - 6

**C.**

H&H advanced in its Objection and at hearing arguments in support of the timeliness of the proof of claim based on its filing within 30 days of the date the adversary proceeding was "closed" rather than 30 days of the date the judgment in that proceeding became final. Not only did H&H fail to support this argument with any authority, the argument is contrary to the plain language of the Rule. *See Accord Group*, 211 B.R. at 194 (noting an argument "that the 30-day time period started to run when the judgment was paid rather than when the judgment became final . . . ignores the plain language of Rule 3002(c)(3).")

Moreover, such an approach introduces substantial uncertainty into the claim allowance process. Closure of an adversary proceeding is essentially a ministerial process. Closing is done by the clerk, as a matter of internal procedure, when the record reflects no further function would be served by keeping the file open. Closing certainly cannot occur until after a judgment is final, but could occur at almost any time thereafter. That Rule 3002(c)(3)'s 30 day period for filing a claim would run from such an unpredictable date is not rational. On the other hand, finality of the judgment is something that can be calculated with

---

[7](...continued)
with the chapter 7 trustee that "the time for filing the [§ 502(h)] proof of claim was June 11, 1995, 30 days after May 12, 1995, the date that the judgment of May 2, 1995, became final." 211 B.R. at 194.

MEMORANDUM OF DECISION - 7

Case 03-04394-TLM    Doc 43    Filed 12/20/06    Entered 12/20/06 14:28:36    Desc Main
Document      Page 8 of 11


certainty under the Rules, as it was in *Accord Group*, *see* note 7 *supra*, and here, *see* note 6 *supra*.

### D.

In post-hearing briefing, H&H alters its focus from file closure to payment of the subject judgment. It asserts that, until the judgment was paid, H&H would not have an allowable claim against the estate and, thus, Rule 3002(c)(3) "requires a two-fold analysis: first, when was the judgment final, and secondly, when was the avoided transfer sum paid to the estate." Doc. No. 40 at 2.[8] While there is a two-fold analysis for *allowance* of claims that includes consideration of payment, there are several problems with H&H's theory when it comes to *timeliness*.

First, H&H has not identified any case law, treatise commentary, or other authority adopting or supporting the contention that the filing deadline runs from payment. The argument also lacks support in the Code or Rules, neither of which base the deadline for the timely filing of § 502(h) claims on the date the money judgment is paid. Rule 3002(c)(3) does note payment is required for a claim to be "allowed," but it establishes only a single condition for timeliness – finality of judgment. *See Accord Group*, 211 B.R. at 194 (rejecting a similar argument that filing was timely if done within 30 days of payment).

---

[8] H&H's brief actually concludes with a suggestion that finality as used in Rule 3002(c)(3) could refer to any of *four* separate dates. Doc. No. 40 at 4. That the Rules would contemplate, or that they should be construed to accommodate, such confusion is not plausible.

MEMORANDUM OF DECISION - 8

The question of payment of the judgment is addressed in both Rule 3002(c)(3) and § 502(d). Section 502(d) instructs the court to disallow "any claim" of any entity from which property is recoverable under, *inter alia*, § 550 or that is a transferee under, *inter alia*, § 547 "unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable[.]" After establishing the requirements for a timely proof of claim, Rule 3002(c)(3) confirms § 502(d)'s payment requirement for allowance of that timely claim by stating that "[i]f the judgment imposes a liability which is not satisfied . . . the claim shall not be allowed."

H&H's argument conflates the requirement for when the proof of claim must be filed with a question of its ultimate allowance. As *Accord Group* correctly summarized:

> In this case the time for filing a proof of claim within 90 days of the meeting of creditors had expired, and due to the judgment to recover a preferential transfer, the time for filing a proof of claim is governed by Rule 3002(c)(3). *It is true that even if the claim were filed, it would not be allowable pursuant to Rule 3002(c)(3) and 11 U.S.C. § 502(d) until the preferential transfer was repaid. That, however, does not affect the time within which the claim must be filed, i.e. within 30 days after the judgment becomes final.* The judgment of May 2, 1995, became final on May 12, 1995, when no appeal was filed. Consequently, [creditor's] proof of claim, filed on July 17, 1995, was late.

211 B.R. at 194 (emphasis added).

Thus, while § 502(h) authorizes a claim based on an avoidance judgment, Rule 3002(c)(3) makes the claim timely only if it is filed within 30 days after the

MEMORANDUM OF DECISION - 9

judgment has become final. If timely filed, the claim is allowable and entitled to share in distribution under § 502(h) only upon satisfaction of the judgment. In short, payment of the underlying judgment is a condition to the ultimate allowance of the claim, but it is not a condition of, or relevant to the deadline for, filing the claim.

Finally, even if H&H's argument were adopted, the claim would be untimely. If payment is a signal event as H&H contends, then logically the 30 day window for filing claims would run from such payment. H&H has here suggested that the payment was made on October 13, 2005.[9] The thirty day period for filing a claim would therefore have run on November 12, 2005. H&H's first claim, No. 10 was filed on November 23 and, even under its payment theory, would be tardy.

**CONCLUSION**

Each of H&H's several and alternative arguments seeking to avoid the consequences of missing the Rule 3002(c)(3) deadline for filing its § 502(h) claim are found wanting. While, as *Accord Group* noted, deadlines may be harsh, the Rule is clear. 211 B.R. at 194.[10]

Upon the agreed and undisputed record, and under the authorities relevant to the matter, the § 502(h) claim filed by H&H, Claim No. 10, was not timely

---

[9] H&H's brief asserts payment was made October 13. *See* Doc. No. 40 at 2. H&H's Objection previously asserted it was made October 12. *See* Doc. No. 37 at 1.

[10] *Accord Taylor v. Freeland & Kronz*, 503 U.S. 638, 644 (1992) (holding "[d]eadlines may lead to unwelcome results, but they prompt parties to act and they produce finality.")

MEMORANDUM OF DECISION - 10

filed. Fed. R. Bankr. P. 3002(c)(3). That claim, as amended by Claim No. 11, will be treated as a tardily filed claim under § 726(a)(3). Trustee's final accounting properly proposes distribution on unsecured claims, including the claim of H&H, in accord with the Code and Rules.

The Objection will therefore be overruled, and an appropriate order will be entered by the Court. Trustee's final accounting will be approved, and Trustee shall provide the necessary order.

DATED: December 20, 2006

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE